UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-33353 |
| **Barrow Shaver Resources Company, LLC,** | § § | Chapter 7 |
| Debtor. | § § | |

### SDS PETROLEUM CONSULTANTS, LLC'S STATEMENT IN SUPPORT OF THE CHAPTER 7 INVOLUNTARY BANKRUPTCY PETITION

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

SDS Petroleum Consultants, LLC ("**SDS**"), as creditor and party in interest in the above-captioned proceeding under Chapter 7 of Title 11 of the United States Code ("**Bankruptcy Code**"), submits this *Statement in Support of the Chapter 7 Involuntary Bankruptcy Petition* ("**Statement**") as commenced by the *Chapter 7 Involuntary Petition Against Barrow Shaver Resources Company, LLC* ("**Debtor**") *filed by Axis Energy Services, LLC, DOC Energy Services, LLC, Force Pressure Control, LLC, Genesis Fluids, LLC, Cudd Pressure Control, Inc., and Thru Tubing Solutions, Inc.* (collectively, "**Petitioning Creditors**").

### BACKGROUND

1. On July 23, 2024, the Petitioning Creditors filed the underlying Chapter 7 Involuntary Petition ("**Involuntary Petition**") against the Debtor commencing this Case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. As of the filing of this Statement, an Order for Relief has not yet been entered.

**STATEMENT**

3. Based on the Petitioning Creditors' claims, the Debtor owes at least $8,454,981.01 to trade creditors. These debts derive from the Debtor's work relating to its exploration and development of oil and natural gas in the East Texas and West Texas Basins.

4. The Debtor's relationship with SDS has been ongoing. SDS agreed to provide well site supervision and management services to the Debtor. Specifically, the Debtor retained SDS's services for the drilling of the Hays-Glover 1H Well ("**Well**"). SDS also has working interests with the Debtor.

5. Debtor owes SDS at least $1,664,000.00. As a ploy to avoid payment, Debtor alleged that on December 28, 2023, while drilling was being conducted on the Well, SDS failed to take certain remedial actions to prevent failure of the wellbore on the Well.

6. On March 21, 2024, SDS filed a lien for unpaid invoices totaling $1,265,459.44 against the Debtor. On April 19, 2024, SDS filed a second lien for additional unpaid invoices totaling $296,206.53. On May 17, 2024, a third and final lien was filed for an additional $102,648.02 in unpaid invoices. The total amount outstanding is in excess of $1,664,000.00.

7. On June 24, 2024, Debtor filed an Original Petition against SDS relating to the alleged December 28, 2023 occurrence ("**State Court Lawsuit**").

8. In its Original Petition, the Debtor asserts claims of Breach of Contract, Breach of Warranty, Negligence, and Gross Negligence.

9. On July 29, 2024, SDS filed a notice of removal which removed the State Court Lawsuit to the United States Bankruptcy Court for the Eastern District of Texas, Lufkin Division ("**Adversary Proceeding**").

10. Thereafter, on August 2, 2024, SDS filed a Motion to Transfer Venue, requesting transfer of the Adversary Proceeding to this Court.

11. As is evident by the filing of the Involuntary Petition, the Debtor has systemically failed to pay debts owed to creditors.

12. Involuntary bankruptcy proceedings are most appropriate if "the debtor is generally not paying such debtor's debts as such debts become due…"[1] To determine if the Debtor is not generally paying its debts as they become due, this Court must consider: (1) the number of unpaid claims; (2) the amount of such claims; (3) the materiality of the non-payments; and (4) the Debtor's overall conduct in his financial affairs.[2]

13. Here: (1) there are at least seven unpaid claims by creditors who are owed substantial sums by the Debtor; (2) the claims total at least $10,119,295.00; (3) the Debtor has neglected to pay the numerous claims against it; and (4) the Debtor continues to incur invoices for goods and services supplied, yet has failed to take any corrective measures or set up an arrangement for becoming current for the unpaid invoices.

14. The Petitioning Creditors had no choice but to file the Involuntary Petition, and SDS, as creditor and party-in-interest, requests that this Court enter an order for relief and appoint a Chapter 7 Trustee.

## RESERVATION OF RIGHTS

15. For the avoidance of doubt, SDS reserves its rights to amend or supplement this Statement on any basis and reserve all rights and remedies with respect to the Involuntary Petition

---

[1] *In re Norris*, 183 B.R. 437, 455. (Bankr. W.D. La. 1995).

[2] *In re Bates*, 545 B.R. 183, 186 (Bankr. W.D. Tex. 2016).

and otherwise in the underlying Case. This includes, but is not limited to, seeking conversion of this bankruptcy case to a case under Chapter 11 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, SDS requests that this Court enter the order for relief and granting such other relief as may be appropriate under the circumstances.

Dated:  August 3, 2024

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.658.1818
F: 713.658.2553
E:  jarrod.martin@chamberlainlaw.com

-AND-

**GIEGER, LABORDE & LAPEROUSE, LLC**

BRENDAN P. DOHERTY
SDTX Bar No. 1487416
Texas Bar No. 24075923
bdoherty@glllaw.com
CARLA LASSABE
SDTX Bar No. 3735869
Texas Bar No. 24109267
classabe@glllaw.com
5151 San Felipe, Suite 750
Houston, Texas 77056
(832) 255-6000 Telephone
(832) 255-6001 Facsimile

*Counsel for SDS Petroleum Consultants, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 3, 2024, a true and correct copy of the foregoing Statement was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first class mail via the attached service list.

*/s/ Jarrod B. Martin*
Jarrod B. Martin