**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Barrow Shaver Resources Company LLC,[1] | § | Case No. 24-33353 |
| Debtor. | § | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING OMNIBUS CLAIMS OBJECTIONS PROCEDURES AND THE FILING OF SUBSTANTIVE OMNIBUS CLAIMS OBJECTIONS**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Barrow Shaver Resources Company LLC, the above-captioned debtor and debtor in possession ("**BSR**" or the "**Debtor**"), states the following in support of this motion (the "**Motion**"):

**Preliminary Statement**

1. The Debtor and its professionals are in the process of reviewing proofs of claim designated as secured, priority, and administrative in status, as well as lien claimants. Such claims, on their face, exceed $287 million, but such claims include, among other things, claims that are

[1] The last four digits of the Debtor's federal tax identification number are 0510. The Debtor's corporate headquarters is located at 977 Pruitt Place, Tyler, TX 75703. All pleadings, as well as additional information related to the administration of the above-captioned bankruptcy case, are accessible free of charge on the case website at the following link: https://cases.ra.kroll.com/BSR/.

duplicative in nature, claims that were not timely filed, claims that were incorrectly marked as secured and that should be treated as unsecured, claims that do not include any back-up or support, and claims that lack validity according to the Debtor's books and records.

2. By this Motion, the Debtor proposes to implement procedures (the "**Objection Procedures**") for omnibus objections to proofs of claim and lien claims, including motions or requests for payment of administrative expenses (collectively, the "**Claims**") to ease the administrative and financial burden associated with the plan solicitation process[2] and the claims reconciliation process and to clarify and confirm the bases for omnibus objections to Claims, as well as the procedures for bringing and responding to omnibus objections. The Objection Procedures do not shift the burden of proof, alter any discovery rights or burdens, or change any pleading requirements associated with the allowance of Claims. The Debtor believes that the Objection Procedures will permit a better organized, efficient, and cost-effective claims objection process for the benefit of all parties in interest.

**Relief Requested**

3. The Debtor seeks entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) approving the Objection Procedures attached to the Proposed Order as Exhibit 1, and (b) authorizing the Debtor (or its successor in interest such as a Liquidation Trust created pursuant to the Plan) to assert substantive objections to claims (including administrative expense requests) in an omnibus format pursuant to Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] The Debtor filed its *Chapter 11 Plan of Liquidation* [Docket No. 1087] and is in the process of formulating an amended liquidating plan ("**Plan**").

## **Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 502(a), Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and Section M of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**").

## **General Background**

7. On July 23, 2024, Axis Energy Services, LLC, DOC Energy Services, Inc., Cudd Pressure Control, Inc., Thru Tubing Solutions, Inc., Genesis Fluids, LLC, and Force Pressure Control, LLC (collectively, the "**Petitioning Creditors**") filed an involuntary petition under chapter 7 (the "**Involuntary Petition**") of the Bankruptcy Code.

8. On August 19, 2024 (the "**Voluntary Petition Date**"), the Debtor consented to an order for relief by filing its voluntary petition under chapter 11 (the "**Voluntary Petition**") of the Bankruptcy Code. During the period between the Involuntary Petition and the Voluntary Petition Date (the "**Gap Period**"), the Debtor operated its business in the ordinary course of business pursuant to section 303(f) of the Bankruptcy Code at the direction of the Chief Restructuring Officer.

9. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On August 30, 2024, the United States Trustee (the "**UST**") filed the *United States Trustee's Notice of Appointment of Committee of*



#112108236v6

*Unsecured Creditors* [Docket No. 124] appointing the members of the Official Committee of Unsecured Creditors (the "**UCC**").

10. The Court set the deadline for filing proofs of claim, including claims arising during the Gap Period (collectively the "**Claims Bar Date**") for December 10, 2024, at 5:00 p.m., prevailing Central Time [Docket No. 300] and the bar date for governmental claims for February 17, 2025, at 5:00 p.m., prevailing Central Time (the "**Government Bar Date**"). The Claims Bar Date also applied to any entity asserting a "Lien Claim against the Debtor that arose before the Involuntary Petition Date or accrued during the Gap Period, including requests for payment under section 503(b)(9) of the Bankruptcy Code" (the "**Lien Claimants**"). *Id*. Lien Claimants were directed to file separate proof of claim forms in order to assert their lien claims against the Debtor and were subject to the same Claims Bar Date.

11. Notice of the Claims Bar Date and the Government Bar Date was provided to all known creditors on November 4, 2024, and by publication on November 6, 2024. *See Affidavits of Service* [Docket Nos. 315 and 317].

12. Since the Voluntary Petition Date, the Debtor and its professionals worked diligently to stabilize the Debtor's operations and address the many competing claims asserted by vendors, purported lien holders and alleged holders of working interests and overriding royalty interests. Ultimately, the Debtor was able to sell the majority of its assets through a successful sales process to Tex-Oil Investments LLC and now is developing an exit strategy to distribute assets to valid claimants and lien holders through a Plan.

13. In order to maximize the distributions to creditors and avoid unnecessary expense, the Debtor seeks to streamline the solicitation process by engaging in the claims reconciliation and objection process prior to the filing of the Plan.



#112108236v6

14. In addition, to the extent that any of the Claims are disallowed, the Debtor seeks to exclude those claimants from solicitation of the forthcoming Plan as they do not meet the requirements of section 1126 of the Bankruptcy Code because they are not "[a] holder of a claim or interest allowed under section 502 of this title."

**Claims Reconciliation Process**

15. According to the official register of claims maintained by Kroll Restructuring Administration LLC, over 890 Claims have been filed against the Debtor in this case. The Claims currently include over $287 million alleged as lien, priority, and administrative debt against the Debtor. The Debtor and its professionals have been working diligently to review the Claims, including supporting documentation. Based on their review, the Debtor's professionals have determined that a meaningful portion of the Claims filed as lien, priority, or administrative in nature are flawed for reasons including that they should be reclassified as general unsecured claims, are duplicative of other claims, do not include any back-up or support, or lack validity according to the Debtor's records.

16. To further facilitate the Debtor's forthcoming Plan, the Debtor proposes to initiate the Objection Procedures immediately to facilitate and expedite distributions to creditors holding valid and enforceable Claims. As the first step in that process, the Debtor proposes to object to certain Claims in accordance with Bankruptcy Rule 3007(d), which authorizes omnibus objections to multiple Claims based on certain enumerated grounds. In addition, the Debtor proposes to bring omnibus objections on certain related grounds, not specifically enumerated in Rule 3007(d), such as, for example, a Claim is inconsistent with the Debtor's books and records or there is no basis for the Claim to be asserted against the Debtor. The proposed Objection Procedures are meant to

establish a streamlined and transparent process for omnibus objections to Claims, while recognizing the due process rights of affected claimants.

## **Proposed Objection Procedures**

17. The Debtor proposes implementing the Objection Procedures, substantially in the form of **Exhibit 1** to the Proposed Order.

18. The Objection Procedures describe the key aspects of the proposed claims objection process, including, among others:

a) the grounds for an omnibus objection (each, an "**Omnibus Objection**") and form to be filed by the Debtor;

b) the types of exhibits and supporting documentation the Debtor will include with each Omnibus Objection;

c) the form of notice (the "**Objection Notice**") the Debtor will provide to affected creditors;

d) the information necessary for affected creditors to attempt to resolve the objection to their Claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to an objection;

e) information relating to filing a formal reply to a filed response; and

f) information relating to discovery and hearings on Omnibus Objections.

19. Under the Objection Procedures, the Debtor may file Omnibus Objections to Claims on those grounds expressly set forth in Bankruptcy Rule 3007(d) and on the following grounds ("**Additional Grounds**"), that such Claims, in part or in whole:

a) are inconsistent with the Debtor's books and records;

b) fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated," "contingent," "unknown," or "undetermined");

c) seek recovery of amounts for which the Debtor is not liable;

d) are incorrectly or improperly classified, including as lien claims;



#112108236v6

e) have been withdrawn by informal writing (including email) between the Debtor and the claimant, but have not been formally withdrawn; *provided* that a copy of such informal writing be filed concurrently with the Omnibus Objection;

f) fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation therefor; or

g) seek priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code.

21. The Debtor believes that each of the Additional Grounds is procedural in nature and otherwise rooted in the enumerated bases set forth in Bankruptcy Rule 3007(d), including subdivision (d)(2)(F) applicable to claims "presented in a form that does not comply with applicable rules and the objection states that the objector is therefore unable to determine a claim's validity." The Debtor believes that authority to file Omnibus Objections based on the Additional Grounds will aid in conducting an efficient, cost-effective, prompt, and transparent Claims reconciliation process, while in no way prejudicing the rights of affected Claim holders.

22. To protect the due process rights of creditors, the Debtor will comply with the procedural safeguards applicable to omnibus claim objections set forth in Bankruptcy Rule 3007(e). The Debtor also intends to serve affected creditors with a customized Objection Notice, substantially in the form attached to the Proposed Order as **Exhibit 2**,[3] that will include, among other things, (a) the name of the claimant, (b) the Claim number, (c) the basis of the objection to each particular Claim, (d) the response date and response procedures, and (e) the date, time, and location of the hearing and related procedures.

---

[3] The Objection Notice will be in the general form attached to the Proposed Order as Exhibit 2, subject to revisions tailored to address issues specific to particular Claims, creditors, or objections, as the Debtor deems necessary or appropriate.

## Basis for Relief

23. Pursuant to Section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed, unless a party in interest objects to the filed proof of claim. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f).

24. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing and that the claimant be provided with not less than 30 days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Bankruptcy Rule 3007(c) proscribes joining multiple objections into an omnibus claim objection, "[u]nless otherwise ordered by the court or permitted by subdivision (d)." Bankruptcy Rule 3007(d), in turn, provides:

> [O]bjections to more than one claim may be joined in a single objection if (1) all the claims were filed by the same entity; or (2) the objections are based solely on grounds that the claims should be disallowed, in whole or in part, because they:
>
> (A) duplicate other claims;
>
> (B) have been filed in the wrong case;
>
> (C) have been amended by later proofs of claim;
>
> (D) were not timely filed;
>
> (E) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
>
> (F) were presented in a form that does not comply with applicable rules, and the objection states that the objector is therefore unable to determine a claim's validity;
>
> (G) are interests, not claims; or
>
> (H) assert a priority in an amount that exceeds the maximum amount allowable under § 507.

25. Bankruptcy Rule 3007(c) affords the Court the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.").

26. Collier explains that while Bankruptcy Rule 3007(c) does not place any limitations on a court's authority to expand the bases set forth in Bankruptcy Rule 3007(d), courts considering whether to expand such bases should ensure appropriate safeguards are in place. In addition, Collier states that a court should consider whether claimants receive fair notice of any objection to their claim. *See* 9 COLLIER ON BANKR. P. ¶ 3007.03 (16th ed. 2026). The Advisory Committee Notes to Bankruptcy Rule 3007 similarly indicate that while omnibus claim objections "present a significant opportunity for the efficient administration of large cases," the due process rights of claimants must be protected.

27. In addition, section 105(a) of the Bankruptcy Code provides the Court expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Sanchez v. Ameriquest Mortg. Co. (In re Sanchez),* 372 B.R. 289, 309 (Bankr. S.D. Tex 2007) ("§ 105(a) is to be 'interpreted liberally,' so long as any action taken pursuant to § 105(a) is 'consistent with the rest of the Bankruptcy Code.'") (quoting *Feld v. Zale Corp. (In re Zale Corp.),* 62 F.3d 746, 750 (5th Cir. 1995)); *Perkins Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 478 (5th Cir. 1994) ("Section 105(a) authorizes a Bankruptcy Court to 'fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code.'") (quoting *Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Mgmt.),* 4 F.3d 1329, 1334 (5th Cir. 1993)).

28. To minimize the cost, confusion, and delay otherwise attendant to preparing and filing individual Claim objections, the Debtor seeks to object, as contemplated by Bankruptcy Rule

3007(c), to certain Claims on the Additional Grounds outlined above in an omnibus objection format.

29. The relief sought in this Motion will allow the Debtor to reconcile Claims in a more timely, efficient, and cost-effective manner by avoiding the expense and delay of preparing and filing individualized objections based on the same or similar underlying grounds. Notably, the Objection Procedures protect creditors' due process rights by implementing the same safeguards for omnibus objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1 and the individualized noticing process described above. Paragraph 34 of the Complex Case Procedures expressly contemplates specialized procedures for the filing of omnibus claim objections. Complex Case Procedures, ¶34 ("Parties may file a motion to approve procedures for handling omnibus claim objections."). Consistent with the Complex Case Procedures, the Objection Procedures do not seek to "shift the burden of proof, discovery rights or burdens, or pleading requirements." *Id.*

30. The Objection Procedures will also conserve the assets of the Debtor's estate by eliminating the need to solicit purported claimants who do not have a viable claim or interest against the Debtor.

31. Authorizing the Debtor (or its successor in interest such as a Liquidation Trust created pursuant to the Plan) to file Omnibus Objections to Claims consistent with the Objection Procedures is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007 and Bankruptcy Local Rule 3007-1, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of a complex chapter 11 case.

32. The relief sought herein is consistent with similar claims objection procedures regularly approved in the Southern District of Texas in large chapter 11 cases. *See, e.g.*, *In re Axip Energy Servs., LP*, Case No. 26-90338 (CML) (Bankr. S.D. Tex. May 15, 2026); *In re Everstream Sols. LLC,* Case No. 25-90144 (CML) (Bankr. S.D. Tex. Feb. 13, 2026); *In re Aleon Metals, LLC*, Case No. 25-90305 (CML) (Bankr. S.D. Tex. Nov. 17, 2025); *In re Lion Ribbon Tex. Corp.*, Case No. 25-90164 (CML) (Bankr. S.D. Tex. Oct. 27, 2025); *In re Ascend Performance Materials Holdings Inc.*, Case No. 25-90127 (CML) (Bankr. S.D. Tex. Oct. 17, 2025); *In re DocuData Sols., L.C.*, Case No. 25-90023 (CML) (Bankr. S.D. Tex. Sept. 29, 2025).

33. The Debtor believes that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights.

## **Reservation of Rights**

Nothing contained herein is intended to be or should be construed as: (a) an admission as to the amount, basis, or validity of any Claim against the Debtor or its estate; (b) a waiver of the Debtor's, or any other party in interest's, right to dispute any Claim on any grounds; (c) a promise or requirement to pay any Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular Claim is an administrative expense Claim or other priority Claim; (e) a request or authorization to reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of the rights of the Debtor, or any other party in interest under the Bankruptcy Code or any other applicable law.

## Notice

Notice of this Motion has been given to all parties on the Debtor's Master Service List, including, without limitation, the U.S. Trustee, the Official Committee of Unsecured Creditors, and those parties registered to receive electronic notification via the Court's CM/ECF noticing system. The Debtor respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

## Conclusion

**WHEREFORE**, the Debtor requests that the Court enter the attached Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 6, 2026

Respectfully Submitted,

*/s/ Joseph E. Bain*

Joseph E. Bain (TX Bar No. 24085187)
Catherine E. Lasky (LA Bar No. 28652)
(*Admitted pro hac vice*)
Olivia K. Greenberg (TX Bar No. 24127683)
Elizabeth De Leon (TX Bar No. 24127215)
Salomé A. Rivera (TX Bar No. 24149347)
**JONES WALKER LLP**
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: jbain@joneswalker.com
klasky@joneswalker.com
ogreenberg@joneswalker.com
edeleon@joneswalker.com
srivera@joneswalker.com

*Counsel to the Debtor and Debtor-in-Possession*

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2026, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties required to receive such notice.

*/s/ Joseph E. Bain*
Joseph E. Bain



#112108236v6